**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEGUERDITCH MEKHALIAN, | No. CIV S-04-0729-CMK |
| Plaintiff, | |
| vs. | ORDER |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Pursuant to the consent of the parties, this case is before the undersigned for final decision on defendant's motion to dismiss (Doc. 8), plaintiff's motion for summary judgment (Doc. 16), and defendant's cross-motion for summary judgment (Doc. 18).

/ / /

/ / /

/ / /

/ / /

## I. BACKGROUND

Plaintiff initially applied for disability insurance ("DI") benefits on January 29, 2001, based on disability. That application was denied on July 17, 2001, and plaintiff did not appeal. Plaintiff filed a second application for DI benefits on February 6, 2002, based on disability. In both his applications, plaintiff claims that his impairment began on February 28, 1994. Following denial of second application and his request for reconsideration, plaintiff requested an administrative hearing. In particular, plaintiff sought to have the prior proceeding reopened. In an order issued on August 27, 2003, Administrative Law Judge ("ALJ") James M. Kaplan declined to reopen and, instead, dismissed the case based on res judicata.

## II. JURISDICTION

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction. As a threshold matter, therefore, this court must determine whether it has jurisdiction over this case. In social security cases, the United States has waived its sovereign immunity for judicial review of final decisions denying benefits. See 42 U.S.C. § 405(g). No findings or orders – other than a final decision denying benefits – is reviewable. See 42 U.S.C. § 405(h). Thus, where a plaintiff challenges anything other than a final decision denying benefits, this court generally lacks subject matter jurisdiction. See Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995). An exception to this rule exists, however, where the plaintiff raises a colorable constitutional claim. See Boettcher v. Secretary of Health and Human Services, 759 F.2d 719 (9th Cir. 1985); see also Hoye v. Sullivan, 985 F.2d 990 (9th Cir. 1993); Udd v. Massanari, 245 F.3d 1096 (9th Cir. 2001).

In the first amended complaint in this action, plaintiff argues that his due process rights were violated with respect to the first application because the ALJ failed to make a determination whether good cause existed, based on mental impairment, lack of counsel in the first proceedings, new evidence, or some change in circumstances, for reopening the prior

application. The question before the court is whether this argument raises a colorable constitutional claim sufficient to invoke this court's jurisdiction.

The court first notes that the decision whether to reopen a claim or dismiss it based on res judicata is one purely of discretion and, as such, is not reviewable by this court. See Califano v. Sanders, 430 U.S. 99 (1977); Lester, 81 F.3d 821; Krumpleman v. Heckler, 767 F.2d 586 (9th Cir. 1985). Thus, there can be no review of whether the ALJ should have reopened instead of dismissing based on res judicata. Because the ALJ in this case dismissed, the only potentially reviewable issue is whether such dismissal was appropriate. However, as discussed above, such a dismissal is not reviewable unless the plaintiff raises a colorable constitutional claim.

The essence of plaintiff's argument is that his due process rights were violated because he was unable to understand or act upon notices given with respect to his first application due to either his mental condition at the time and/or lack of representation. To be colorable under the constitution, a claim must appear to be valid or genuine. In other words, such a claim is not ". . . wholly insubstantial, immaterial, or frivolous." See Boettcher, 759 F.2d at 722. In this case, the court concludes that plaintiff's argument does not give rise to a colorable constitutional claim because it does not appear to be valid or genuine. In particular, the court notes that, in response to the ALJ's question as to the basis of reopening his claim, plaintiff's counsel stated as follows:

> Yes, Your Honor, basically the gentleman has had severe pain and problems with his legs, as demonstrated in the medical, and at the time his wife has been, or his wife has been taking care of things for him, and she is fully employed and is not here today for that reason. And they didn't get the 60-day period appeal done because she got too darn busy doing this job and he was unable to do so because of the, of the pain and problems with his legs.

Plaintiff's counsel said nothing about mental problems precluding understanding of plaintiff's appellate rights. Plaintiff's counsel said nothing about lack of representation on the first application precluding plaintiff's understanding of his rights. As to his alleged mental problems,

1 plaintiff has not offered any evidence in this case to support his bare assertions. Unlike the
2 authorities cited by plaintiff in his briefing to this court, where there was actual evidence of
3 mental problems, no such evidence has been proffered in this case.
4       Because plaintiff has not raised a colorable constitutional claim, this court lacks
5 subject matter jurisdiction over the instant case. Therefore, the court does not have jurisdiction
6 to consider the issue on the merits of whether res judicata was appropriately applied.

### III.  CONCLUSION

Based on the foregoing, the court concludes that it lacks subject matter jurisdiction over this matter. Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss is granted;
2. This action is dismissed for lack of subject matter jurisdiction; and
3. All other pending motions are denied as moot.

DATED: January 11, 2006.

                                                                                         **CRAIG M. KELLISON**
                                                                                         UNITED STATES MAGISTRATE JUDGE