IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEGUERDITCH MEKHALIAN,             No. CIV S-04-0729-CMK

    Plaintiff,

  vs.                                        ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____/

        Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Pursuant to the consent of the parties, this case was before the undersigned for final decision on defendant's motion to dismiss (Doc. 8), plaintiff's motion for summary judgment (Doc. 16), and defendant's cross-motion for summary judgment (Doc. 18).  On January 12, 2006, the court issued an order granting defendant's motion to dismiss and dismissing this action. Plaintiff has filed a motion to amend or correct pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 22), defendant has filed an opposition (Doc. 23), and plaintiff has filed a reply (Doc. 24).

/ / /

As an initial matter, the court notes that no judgment of dismissal has yet been entered in this case. Therefore, the court construes plaintiff's motion as also being brought pursuant to Federal Rule of Civil Procedure 60(b).

In his motion, plaintiff argues that the court erred in concluding that plaintiff has not raised a colorable constitutional claim sufficient to invoke this court's subject matter jurisdiction. Specifically, plaintiff asserts that the court only considered one of his three purported colorable constitutional claims. Because plaintiff's motion does not challenge the court's conclusion with respect to his claim based on mental impairment, that issue is not revisited here. Plaintiff argues the two issues ignored by the court's January 12, 2006, order are: (1) whether "the ALJ"'s ignoring, Plaintiff's right to reopen his prior unappealed claim for any reason within 12 months pursuant to 20 C.F.R. § 404.988, was proper"; and (2) whether "the ALJ's dismissal, based on res judicata, is proper by law under the Act."  Plaintiff does not argue that the court misapplied the law or that new evidence exists.

As to plaintiff's contention that the court failed to consider his due process argument concerning the reopening of his prior case, the court did, in fact, give appropriate consideration to this issue. As defendant correctly observes, the applicable regulations provide the agency with the discretion to reopen a denial determination within 12 months. See 20 C.F.R. §§ 404.987 and 404.988.

In the January 12, 2006, order, the court stated:

> The court first notes that the decision whether to reopen a claim . . . is one purely of discretion and, as such, is not reviewable by this court. See Califano v. Sanders, 430 U.S. 99 (1977); Lester, 81 F.3d 821; Krumpleman v. Heckler, 767 F.2d 586 (9th Cir. 1985). Thus, there can be no review of whether the ALJ should have reopened . . .

Clearly, the court considered and rejected plaintiff's argument. That the court did not specifically say this argument does not give rise to a colorable constitutional claim is irrelevant. Any argument that this court should consider a discretionary act to be the basis of a colorable constitutional claim is circular and would eviscerate the rule that discretionary acts are not

2

subject to review. Moreover, the basis of plaintiff's argument on this issue is that it is plaintiff – not the Commissioner – who makes the choice whether to reopen within 12 months for any reason.[1] Under this interpretation, the refusal to reopen may indeed give rise to a colorable due process claim. However, as discussed above, plaintiff's argument misstates the law.

As to plaintiff's contention that the court failed to consider his due process argument concerning application of administrative res judicata, plaintiff asks the court to put the cart before the horse. As explained in the January 12, 2006, order, because the ALJ in this case dismissed based on res judicata, the only potentially reviewable issue is whether such dismissal was appropriate. This issue is, in fact, the heart of plaintiff's case on the merits. However, unless this court has subject matter jurisdiction, it cannot reach the merits. Plaintiff's argument would have the court exercise subject matter jurisdiction to decide the merits of his case in order to decide whether there was a colorable constitutional claim sufficient to invoke its subject matter jurisdiction. Given the discussion contained in the January 12, 2006, order concerning this court's jurisdiction, the court considered and rejected this argument.

Because the court's January 12, 2006, order did in fact address all of plaintiff's arguments, plaintiff's proffered basis for altering or amending the order do not exist.

Finally, the court addresses plaintiff's assertion that the ". . . general administrative law rule, after all, is for the reviewing court, in addition to whatever substantial factual or legal review is appropriate, to 'set aside agency action. . . found to be . . . without observance of procedure required by law.'" Because this court lacks subject matter jurisdiction, it is not a "reviewing court" insofar as the merits of whether the agency followed its regulations are concerned. Therefore, this argument is unpersuasive.

/ / /

/ / /

---

[1] Plaintiff states that, under 20 C.F.R. § 404.988, it was "Plaintiff's right to reopen his prior . . . claim . . ."

      Accordingly, IT IS HEREBY ORDERED that:

      1.    Plaintiff's motion to amend or correct the January 12, 2006, order dismissing this action for lack of subject matter jurisdiction is denied; and

      2.    The Clerk of the Court is directed to enter judgment pursuant to the January 12, 2006, order and close this file.

DATED: February 28, 2006.

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE